STATE of Missouri, ex rel. Gordon A. GUNDAKER, Jr. and Donald R. Williams, Relators/Respondents,

v.

James P. DAVIS, Defendant/Appellant.

No. 69460.

Missouri Court of Appeals, Eastern District, Division Two.

Oct. 29, 1996.

Thomas A. Connelly, St. Louis, for defendant/appellant.

Charles A. Seigel III, Michael A. Wolff, Seigel & Wolff, P.C., St. Louis, for relators/respondents.

GERALD M. SMITH, Judge.

Gundaker and Williams sought a writ of mandamus to compel James Davis, as secretary of Community Title Company of St. Louis (CTCSL), to make available to Gundaker and Williams the books and records of that company for inspection. They sought such inspection as both stockholders and directors of the company. Davis had twice refused their demand for such inspection. The court granted a summary judgment in favor of Gundaker and Williams on the petition for mandamus and on Davis' counterclaim for a declaratory judgment that Gun-

daker and Williams were not shareholders of CTCSL. We affirm.

All of the stock of CTCSL was originally owned by Community Title Company (CTC). In May 1983, CTC, CTCSL, and Gundaker and Williams entered into a contract by which CTC sold to Gundaker and Williams 50% of the stock of CTCSL for $7500. Davis was at that time and is now the sole stockholder of CTC. Pursuant to the contract, Gundaker and Williams were each issued stock certificates evidencing ownership of 3750 shares of CTCSL. Gundaker and Williams became directors of CTCSL and were listed as directors on the 1994 annual Registration Report filed with the Secretary of State. That report was signed by Davis and was the operative annual report in effect at the time of the request for inspection and when suit was filed. The initial request for inspection was made on June 15, 1995 and suit was filed on July 17, 1995.

■ Davis' sole basis for refusing the inspection is that Gundaker and Williams never paid for the stock which they bought and therefore never became stockholders of the corporation. He also asserts that at a stockholders meeting in May 1995 he, as sole stockholder of CTCSL, removed Gundaker and Williams as directors and elected himself as sole director. Based on these contentions he asserts that Gundaker and Williams are not entitled to inspection of the records of CTCSL.

Although Davis asserted in the trial court that Article XI, § 7 of the Missouri Constitution and § 351.160 RSMo 1994 preclude Gundaker and Williams from being stockholders unless they paid for their stock, that contention is not advanced on appeal. Those provisions deal only with the original issuance of stock, not with purchases from parties other than the issuer. A "purchase" includes taking by sale, discount, negotiation, gift or any other voluntary transaction creating an interest in property. § 400.1–201(32) RSMo 1994.

■ A stockholder has a statutorily mandated right to inspect the books of the company. § 351.215 RSMo 1994. An officer of the corporation who refuses to honor a re-

quest for inspection is subject to a fine.[1] *Id.* Directors have an unqualified right to examine the books and records of a corporation. *State ex rel. Kennedy v. Continental Boiler Works, Inc.,* 807 S.W.2d 164 (Mo.App. 1991)[2]. Mandamus is a proper procedure to enforce that right. *Id.* at [3].

Section 351.315 RSMo 1994 provides that a corporation must have three directors unless otherwise provided in its articles of incorporation. The articles of incorporation of CTCSL provide for no less than three directors. Even if Davis was the sole stockholder of CTCSL, he could not legally remove Gundaker and Williams without electing replacements. The trial court correctly ordered inspection on the basis of Gundaker and Williams' status as directors.

 In addition, it correctly ordered Davis to provide the books and records because of Gundaker and Williams' status as stockholders. Mandamus was sought against Davis solely in his capacity as secretary of CTCSL. Gundaker and Williams had stock certificates issued in their names. Those certificates are documentary evidence of title to stock and as such raise a presumption of ownership. *Johnson v. Johnson,* 764 S.W.2d 711 (Mo.App.1989)[5,6]. A certificate is authentic evidence of title to stock, but it is not stock itself, nor is it necessary to the existence of the stock. It certifies to a fact which exists independently of itself. *Neidert v. Neidert,* 637 S.W.2d 296 (Mo.App.1982)[9].

During oral argument in this court the following colloquy between counsel for Davis and the court ensued:

Q. (by the court) Who was shown on the books of the corporation as the owner of the property?

A. (by counsel) The certificates show Gundaker and Williams.

Q. And as far as the corporation is concerned, that's who owns it?

A. Correct.

It is of no consequence to CTCSL what legal claim CTC may have against Gundaker and Williams under the purchase contract. On the books of CTCSL, Gundaker and Williams are the owners of the stock. Davis' obligation to allow the inspection of the books and records of CTCSL arises from his status as secretary of that corporation. Whatever knowledge he has of the underlying purchase agreement is immaterial to his obligation to honor the request for inspection based upon the records of CTCSL. If CTC successfully seeks recision of the transfer of the stock on the basis of failure of consideration then CTCSL will be confronted with a different situation.[2] Davis has advanced no legal defense to the request for inspection and no basis for overriding the presumption of Gundaker and Williams' status as stockholders arising from their certificates.

Davis places reliance on § 400.8–105(3)(c) RSMo 1994 as allowing him to challenge the "validity" of the stock certificate. But Davis, in his corporate capacity with CTCSL, has established no "defense or a defect going to the validity of the security." The statute provides no assistance to him.

 Davis also appeals from the trial court's grant of summary judgment for Gundaker and Williams on Davis' counterclaim for declaratory judgment declaring Gundaker and Williams not to be the owners of the stock. To the extent that claim is brought by Davis in his capacity as secretary of CTCSL, what we have previously held disposes of that appeal. To the extent it purports to be an attempt to have adjudicated CTC's right to claim the stock, Davis lacks standing to pursue CTC's claim and such a claim is a different cause of action between different parties and not cognizable as a counterclaim. Rule 55.32.

Judgment affirmed.

CRANE, P.J., and PUDLOWSKI, J., concur.

---

1. The court here, as part of its judgment, assessed a fine of $500 against Davis for his failure upon two requests to allow inspection.

2. We need not speculate on what an equity court would do in a suit for recision, given the fact that the sale of the stock was to occur in 1983 and that Davis acknowledged ownership by Gundaker and Williams during the next twelve years.